IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-cv-14068-Graham/Lynch

INTERFACE KANNER, LLC;

    Plaintiff,

v.

JPMORGAN CHASE BANK
NATIONAL ASSOCIATION,

    Defendant,
and

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
WASHINGTON MUTUAL BANK,

    Proposed Intervenor,
_____/

### FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK'S, UNOPPOSED MOTION TO INTERVENE

COMES NOW the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank (the "FDIC-R" or the "Proposed Defendant Intervenor"), by and through the undersigned counsel entering this appearance on its behalf, and hereby submits its Unopposed Motion to Intervene pursuant to Rule 24(a)(2) of the Federal Rules Civil Procedure[1], and respectfully states as follows:

---

[1] R. Kemp Kasling, Esq. of Kasling, Kemphill, et.al., Counsel of record for the Plaintiff, Interface Kanner, LLC, has advised at the scheduling conference on May 13, 2010 of having no opposition to the FDIC as Recevier for Washington Mutual Bank's ("FDIC-R") request or Motion to intervene and be added as an additional party Defendant. Counsel for Defendant, JPMorgan Chase Bank, N.A., advised on that date of its agreement to the joinder of FDIC-R as an additional party.

## INTRODUCTION

FDIC-R seeks leave to intervene as a matter of right in this action as a Defendant and Counterclaimant in order to assert the defenses and counterclaims set forth in their proposed Answer and Counterclaims, a copy of which is attached hereto.

FDIC-R claims an interest relating to the transaction that is the subject of the claims brought by the Plaintiff in this action, Interface Kanner, LLC (the "Plaintiff"). Washington Mutual Bank, a savings association ("WaMu") is the failed bank involved in this litigation. On September 25, 2008, the Office of Thrift Supervision of the Treasury Department declared WaMu insolvent and placed it into receivership. The FDIC was appointed to serve as WaMu's receiver.

On the day the FDIC was appointed as receiver for WaMu, the FDIC in its corporate capacity ("FDIC"), FDIC-R and Defendant, JPMorgan Chase Bank National Association ("JPMC"), entered into a Purchase and Assumption Agreement through which JPMC acquired many, but not all, of WaMu's assets and liabilities (the "PAA"). Plaintiff is specifically not a party to or a third party beneficiary of the PAA. Among the assets and liabilities of WaMu not acquired by or transferred to JPMC under the terms of the PAA were WaMu's rights and obligations under leases for Bank Premises. Instead, the PAA vested JPMC with the option to assume such rights and obligations.

In this lawsuit, the Plaintiff has asserted a breach of lease cause of action against JPMC. To be entitled to relief for breach of lease, the Plaintiff must establish that JPMC assumed the WaMu Lease under the PAA. Thus, the Plaintiff, a stranger to the PAA, seeks to have this Court render an interpretation of the PAA---contrary to that of the parties and adverse to the interests of

-2-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

the FDIC-R and JPMC. The Plaintiff's views and claims regarding the PAA are directly contrary to the intent, views and claims of the FDIC, FDIC-R and JPMC in entering into the PAA. It is essential for the Federal Deposit Insurance Corporation, and the policies and procedures it serves, including consumer confidence in banks, for these issues to be resolved in favor of the FDIC-R and JPMC. Given the FDIC-R's interest in these proceedings, intervention is appropriate and permitted in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

## ARGUMENT

**A.     Proposed Defendant Intervenor Should be Permitted to Intervene as of Right Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure**

Rule 24(a)(2) of the Federal Rules of Civil Procedure, concerning intervention as a matter of right, states: "[u]pon timely application anyone shall be permitted to intervene in an action; [who] (2) claims an interest relating to the ... transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The FDIC-R satisfies the requirements to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

Federal courts have emphasized that Rule 24's intervention requirements should be construed flexibly and liberally in favor of intervention. *See, e.g., Poynor v. Chesapeake Energy Ltd. P' ship (In re Lease Oil Antitrust Litig.)*, 570 F.3d 244, 248 (5th Cir. 2009) (citations omitted ("... [r]ule 24 is to be construed liberally,... and doubts resolved in favor of the proposed intervenor."); *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir, 2005) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1204 (5th Cir. 1994) ("Intervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'"); *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (citations omitted) ("... the inquiry under subsection [24](a)(2) is a flexible

-3-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

one, which focuses on the particular facts and circumstances surrounding each application.... [and] intervention of right must be measured by a practical rather than technical yardstick."); *Hartford Casualty Ins. Co. v. Border States Traffic Supply, Inc.*, Case No. EP-08-CV-118-PRM, 2009 U.S. Dist. LEXIS 21216 (W.D. Tex. Jan. 12, 2009).

According to the Plaintiff's suit, its theory of recovery rests upon its view of what a "Bank Premises" is under the FDIC's PAA. The FDIC-R, however, considers any property that WaMu used for banking operations or to which it had contracted for and intended to use for banking operations at the time of its closing to be included under the definition of Bank Premises under the PAA. Upon appointment as receiver, the Federal Deposit Insurance Corporation must negotiate and consummate a purchase and assumption agreement with great speed, usually overnight. If the FDIC-R and the parties with which it contracts are not able to govern their own contractual relationships, successor banks will not be willing to enter into agreements such as the PAA in the extremely short period of time available. Thus, the FDIC-R has a critical interest in the outcome of the issues in this suit. The FDIC-R has previously intervened in litigation involving essentially the same issues raised with respect to the PAA, and seeks, in intervening in this action, to continue to protect its rights and interests in a proper application of the PAA[2]. See (1) Civil No. 09-CV-00576-SS, *290 at 71, LLC v. JPMorgan Chase Bank, National Association*,

---

[2] See (1) Civil No. 09-CV-00576-SS, *290 at 71, LLC v. JPMorgan Chase Bank, National Association, et.al.*, In the United States District Court for the Western District of Texas Austin Division; (2) Civil No. 09-CV-02993, *Excel Little York, Ltd v. JPMorgan Chase Bank, National Association*, In the United States District Court for the Southern District of Texas Houston Division; (3) Civil No. 09-CV-02988, *Excel Willowbrook, LLC v. JPMorgan Chase Bank, National Association*, In the United States District Court for the Southern District of Texas Houston Division; (4) Civil No. 09-CV-03018, *3300 Sage, Ltd. v. JPMorgan Chase Bank, National Association*, In the United States District Court for the Southern District of Texas Houston Division; (5) Civil No. 09-CV-01988, *Skillman-Eastridge, Ltd. v. JPMorgan Chase Bank, National Association*, In the United States District Court for the Northern District Dallas Division; (6) Civil No. 09-CV-00819-SS, *Central Southwest Texas Development, LLC v. JPMorgan Chase Bank, National Association*, In the United States District Court for the Western District of Texas Austin Division; (7) Civil No. 09-CV-00672-L, *Weischel Farm Limited Partnership v JPMorgan Chase Bank, National Association*, In the United States District Court for the Northern District of Texas Dallas Division.

-4-

*et.al..*, in the United States District Court for the Western District of Texas, Austin Division; (2) Civil No. 09-CV-02993, *Excel Little York, Ltd v. JPMorgan Chase Bank, National Association*, in the United States District Court for the Southern District of Texas, Houston Division; (3) Civil No. 09-CV-02988, *Excel Willowbrook, LLC v. JPMorgan Chase Bank, National Association*, In the United States District Court for the Southern District of Texas, Houston Division; (4) Civil No. 09-CV-03018, *3300 Sage, Ltd. v. JPMorgan Chase Bank, National Association*, in the United States District Court for the Southern District of Texas, Houston Division; (5) Civil No. 09-CV-01988, *Skillman-Eastridge, Ltd. v. JPMorgan Chase Bank, National Association*, in the United States District Court for the Northern District of Texas, Dallas Division; (6) Civil No. 09-CV-00819-SS, *Central Southwest Texas Development, LLC v. JPMorgan Chase Bank, National Association*, In the United States District Court for the Western District of Texas, Austin Division; (7) Civil No. 09-CV-00672-L, *Weischel Farm Limited Partnership v JPMorgan Chase Bank, National Association*, in the United States District Court for the Northern District of Texas, Dallas Division.

### Proposed Defendant Intervenor's Motion to Intervene Is Timely

In general, courts assess timeliness by considering factors such as the applicant's interest in the case, the need for intervention to preserve the applicant's rights, the extent of prejudice to the existing parties, the extent of prejudice to the proposed intervenor if the application is denied, and any unusual circumstances in favor of or opposed to intervention. *See Poynor*, 570 F.3d at 247 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir. 1977)) (setting forth timeliness factors).

Proposed Defendant Intervenors' motion satisfies this timeliness standard. Here, JPMC has not yet answered, a scheduling order has not been entered, counsel for the parties and the

-5-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

undersigned counsel for the FDIC-R (per prior permission of counsel of record for the parties) participated in a May 13, 2010 scheduling conference), the parties have not yet commenced discovery and stipulated to an initial disclosures deadline during the first half of July 2010, no dispositive motions have been filed, and no oral argument has been heard. Moreover, Proposed Defendant Intervenors seek to participate in the case on the same schedule as the other parties. *Cf. Poynor*, 570 F. 3d at 248 (State of Texas had actual knowledge of matter for two years prior to intervention; Court found intervention timely.).

### B. Proposed Defendant Intervenor Has a Legally, Protectable Interest in this Case that is not Adequately Represented by JPMC

As set forth above, Proposed Defendant Intervenor indeed has a concrete and cognizable interest in this litigation that cannot be represented by JPMC. *Cf. Poyner*, 570 F.3d at 250 (citing *Cajun Elect. Power Coop. v. Gulf States Utils., Inc.*, 940 F.2d 117, 119 (5th Cir. 1991) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452 (5th Cir. 1984)) ("To support intervention of right, [intervenor] must show that it has a `direct, substantial, legally protectable interest in the action ...'"). Proposed Defendant Intervenor clearly suffers from an imminent threat via an interpretation of its PAA with JPMC. The FDIC-R has separate and additional interests in Plaintiff's proposed interpretation of the PAA in light of the FDIC's role in negotiating other purchase and assumption agreements with great speed. As such, the Proposed Defendant Intervenor has a critical interest in participating in any suit that involves construction of its agreements.

WHEREFORE, on the basis of the foregoing, the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, respectfully requests that the Court grant this Motion to Intervene, deem the attached Answer and Defenses, Counterclaim and Cross-claim for

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

declaratory relief as having been filed herein, and provide such other and further relief to which the FDIC-R may be justly entitled.

Dated: June 2, 2010

RESPECTFULLY SUBMITTED,
/s/ Dora F. Kaufman, Esq.
DORA F. KAUFMAN, ESQ.
Florida Bar No. 771244
dfk@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
44 West Flagler Street
25th Floor
Miami, Florida 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626
Attorneys for *FDIC as Receiver for Washington Mutual Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed via CM/ECF and provided to the following counsel of record by electronic service, on June 2, 2010:

R. Kemp Kasling
Kasling, Hemphill, Dolezal & Atwell, L.L.P.
700 Lavaca Street
Suite 1000 Austin, Texas 78701

Richard A. Jarolem
Casey, Ciklin, Lubitz, Martens & O'Connell
515 N. Flagler Drive, Suite 1800
West Palm Beach, Florida 33401

Robert M. Brochin
Christopher J.M. Collings
Morgan, Lewis & Bockius, LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

By: /s/ Dora F. Kaufman
Dora F. Kaufman

-7-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-cv-14068-Graham/Lynch

INTERFACE KANNER, LLC;

    Plaintiff,

v.

JPMORGAN CHASE BANK
NATIONAL ASSOCIATION,

    Defendant,
and

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
WASHINGTON MUTUAL BANK,

    Intervenor,
_____/

**FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR WASHINGTON MUTUAL BANK'S
ANSWER AND AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSS-CLAIM**

COMES NOW the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank (the "FDIC-R"), by their undersigned counsel, and hereby serves this Answer and affirmative defenses, Counterclaim and Cross-claim, and states as follows:

## ANSWER

1. The FDIC-R admits that the Plaintiff is a Florida limited liability corporation with its principal place of business in Martin County, Texas.

2. The FDIC-R lacks sufficient information to form a belief as to the truth or falsity of the facts and allegations set forth in paragraph 2 and, therefore, denies those facts and allegations.

3. The FDIC-R admits that venue is proper in this District.

4. The FDIC-R admits this Court has jurisdiction over this matter.

5. The FDIC-R lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 and, therefore, denies those allegations.

6. The FDIC-R admits the facts as to the appointment of the FDIC as Receiver for Washington Mutual Bank as contained in paragraph 6. The FDIC-R admits that it entered into a Purchase and Assumption Agreement (the "PAA") with JPMC. The FDIC-R denies the remaining allegations in paragraph 6.

7. The statements contained in paragraph 7 are legal conclusions for which no admission or denial is required. To the extent a response is required, the FDIC-R denies the allegations in paragraph 7.

8. FDIC-R realleges its prior responses to ¶¶1-7, inclusive in response to the Plaintiff's attempted incorporation by reference of all prior averments in the first sentence of Paragraph 8. Furthermore, the statements contained in paragraph 8 are legal conclusions for which no admission or denial is required. To the extent a response is required, the FDIC-R denies the allegations in paragraph 8.

9. The FDIC-R lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 and, therefore, denies those allegations.

10. All allegations, demands and claims (including but not limited to all prayers for relief in each ad damnum clause) not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiff failed to timely file a claim with the FDIC as Receiver for Washington Mutual Bank ("FDIC-R") following the FDIC Receiver's March 23, 2009

-2-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Case 2:10-cv-14068-DLG   Document 10   Entered on FLSD Docket 06/02/2010   Page 10 of 18

CASE NO. 10-cv-14068-Graham/Lynch

repudation and notice letter and are barred from pursuing claims against this proposed Defendant under the lease at issue in accordance with 12 U.S.C. Section 1821(d) and applicable law.

2. The FDIC-R timely repudiated the lease, and any liability, even if the Plaintiff had complied with the statutory administrative claims process, would be limited in accordance with 12 U.S.C. §1821 (e) to actual rent amounts, if any, owing prior to the effective date of repudiation.

3. On September 25, 2008, the day the FDIC was appointed as receiver for WaMu, the FDIC in its corporate capacity ("FDIC"), FDIC-R and Defendant, JPMorgan Chase Bank National Association ("JPMC") entered into a Purchase and Assumption Agreement ("PAA") through which JPMC acquired many, but not all, of WaMu's assets and liabilities. Among the assets and liabilities of WaMu not acquired by or transferred to JPMC under the terms of the PAA were WaMu's rights and obligations under leases for Bank Premises, including the property referenced in the lease at issue. Instead, the PAA vested JPMC with the option to assume such rights and obligations.

JPMC never assumed the lease at issue and the lease remained with the FDIC-R at all times. The Plaintiff is not a party to or a third party beneficiary of the PAA. Plaintiff lacks standing and has no ability as a matter of law to interpret provisions within the PAA. The Plaintiff, a stranger to the PAA, seeks to have this Court render an interpretation of the PAA that is contrary to that of the parties to the PAA and adverse to the interests of the FDIC-R and JPMC. The Plaintiff's views and claims regarding the PAA are directly contrary to the intent, views and claims of the FDIC, FDIC-R and JPMC in entering into the PAA.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

## COUNTERCLAIM AND CROSS-CLAIM

Defendant/Cross-Plaintiff, FDIC as receiver for Washington Mutual Bank ("FDIC-R"), through undersigned counsel, hereby files this Counterclaim against the Plaintiff, Interface Kanner, LLC, and Cross-claim against JPMorgan National Association, N.A., and states as follows:

1. The FDIC is a corporation organized and existing under the laws of the United States with its principle office located in Arlington, Virginia.

2. JPMC is a national banking association. JPMC has appeared in this suit through counsel.

3. Interface Kanner, LLC (the "Plaintiff" or "IK") is a Florida limited liability corporation. IK has appeared in this suit through counsel.

4. The jurisdictional allegations in the Plaintiff's Complaint confer jurisdiction over Intervenor's claims since they concern the same subject matter as the Plaintiff's claims. Additionally, this Court has jurisdiction over the FDIC-R's claims pursuant to 12 U.S.C. § 1819(b)(2)(A)-(B) and 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

5. On September 25, 2008, the Office of Thrift Supervision of the Treasury Department declared Washington Mutual Bank ("WaMu") insolvent and placed it into receivership. The FDIC was appointed to serve as WaMu's receiver ("Receiver"). The FDIA[1], as amended by FIRREA[2], provides the statutory basis for the FDIC to act as a receiver for all insured depository institutions.

---

[1] 12 U.S.C. § 1811-1833e (1989 & Supp. 1990).

[2] Pub. L. No. 101-73, 103 Stat. 183 (Aug. 9, 1989).

-4-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

6. In its corporate capacity as insurer, one of the primary duties of the FDIC is to pay the insured depositors of a failed bank. In order to reopen WaMu with minimal interruption in banking operations and with no loss to the failed bank's depositors, after the failure of WaMu, FDIC in its corporate capacity and as Receiver entered into a PAA with JPMC by which JPMC acquired many, but not all, of the assets and liabilities of the failed bank. The Plaintiff was not a party to the PAA nor is the Plaintiff a third party beneficiary to the PAA. A purchase and assumption must be consummated with great speed, usually overnight, in order to preserve the going-concern value of the failed bank and avoid an interruption in banking services.

7. Among the assets and liabilities of WaMu not acquired by or transferred to JPMC under the terms of the PAA were WaMu's rights and obligations under leases for Bank Premises. Instead, the PAA vested JPMC with the option to assume such rights and obligations.

8. The lease agreement between WaMu and Plaintiff, specifically defined the "use" of the property to be for the operation of a bank. The lease between WaMu and the Plaintiff is the type of lease that the FDIC-R considers to be a Bank Premises under the PAA.

9. The FDIC-R and JPMC considered any property that WaMu used for banking operations or to which it had contracted for and intended to use for banking operations to be "occupied" under the definition of Bank Premises in the PAA. JPMC provided the FDIC-R with timely notice of its election under section 4.6 of the PAA not to accept assignment of the WaMu Lease. The FDIC-R considered, and continues to consider, JPMC's election to be a proper exercise of its contractual rights under section 4.6 of the PAA pertaining to leases for Bank Premises.

-5-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

10. Acting as Receiver, the FDIC has numerous special powers available which it can use. These powers include the power to affirm or repudiate leases or other contracts. 12 U.S.C. § 1821(e).

11. Because JPMC did not assume the WaMu Lease, the WaMu Lease remained a retained liability of the WaMu estate. The Receiver exercised its powers under 12 U.S.C. section 1821(e) to "disaffirm" the WaMu Lease based upon its conclusion that the lease was burdensome and that disaffirmance of the WaMu Lease would promote the orderly institution of WaMu's affairs. Accordingly, the Receiver notified Plaintiff of its election to "disaffirm" on March 23, 2009. A true and correct copy of the March 23, 2009 repudiation and notice letter is annexed hereto as Exhibit "A".

12. Pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, the FDIC-R asks this Court for a declaratory judgment stating that pursuant to the PAA, the FDIC-R has not and did not sell, transfer or otherwise assign the WaMu Lease to JPMC. The FDIC-R further asks this Court for a declaratory judgment stating that the FDIC-R has timely repudiated the WaMu Lease and that Interface Kenner, LLC failed to timely file a claim with the FDIC-R, and is owed no damages by the FDIC-R.

WHEREFORE, the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank respectfully requests that the Complaint be dismissed, that Interface Kanner, LLC take nothing by reason of its claims, that the FDIC-R be awarded the declaratory relief set forth above, that the FDIC-R recover its costs and attorneys' fees against Interface Kanner, LLC, and

-6-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, Fl. 33130  (305) 379-0400

that the Court grant the FDIC-R all such other and further relief to which it may show itself to be justly entitled.

Dated: June 1, 2010                                       RESPECTFULLY SUBMITTED,

/s/ Dora F. Kaufman, Esq.
DORA F. KAUFMAN, ESQ.
Florida Bar No. 771244
dfk@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
44 West Flagler Street
25th Floor
Miami, Florida 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626
Attorneys for *FDIC as Receiver for Washington Mutual Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed via CM/ECF and provided to the following counsel of record by electronic service, on June 2, 2010:

R. Kemp Kasling
Kasling, Hemphill, Dolezal & Atwell, L.L.P.
700 Lavaca Street, Suite 1000
Austin, Texas 78701

Richard A. Jarolem
Casey, Ciklin, Lubitz, Martens & O'Connell
515 N. Flagler Drive, Suite 1800
West Palm Beach, Florida 33401

Robert M. Brochin
Christopher J.M. Collings
Morgan, Lewis & Bockius, LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

By: /s/Dora F. Kaufman
Dora F. Kaufman, Esq.

# EXHIBIT "A"



**Federal Deposit Insurance Corporation**
1601 Bryan Street, Dallas, TX 75201

Division of Resolutions and Receiverships

March 23, 2009

USPS CERTIFIED MAIL
RETURN RECEIPT REQUESTED
RECEIPT NO. 7008 1140 0002 4117 1991

Interface Kanner LLC
Attn: Kenneth J Goodman
7777 Glades Road, #204
Boca Raton, FL. 33434

SUBJECT: FIN #10015
Washington Mutual Bank, Henderson, NV
In Receivership
Closing Date: September 25, 2008
Official Bar Date: December 30, 2008
Effective Repudiation Date: March 23, 2009
<u>Retail Lease Agreement and all Amendments with Interface Kanner LLC to and including all Successors in Interest concerning SWC of Kanner Hwy & Salerno Rd, Stuart, FL. 34997, BID # 4388, LID # 26956.</u>

Dear Sir or Madam:

The above-captioned depository institution (the "Institution") was closed on the Closing Date referenced above and the Federal Deposit Insurance Corporation was appointed as Receiver of the Institution (the "Receiver"). Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the Institution. In order to achieve this goal, the Receiver is given the right under 12 U.S.C. Section 1821(e) to disaffirm undertakings entered into by the Institution where it finds such undertakings to be burdensome and where such disaffirmance will promote the orderly administration of the Institution's affairs.

The Institution's records indicate that you may be a party to the above-referenced lease. The Receiver has determined that the above-referenced lease is burdensome and that disaffirmance of said lease will promote the orderly administration of the institution's affairs. The purpose of this letter is to inform you that the Receiver has elected to disaffirm the above referenced lease to the full extent, if any, that it represents an enforceable obligation of the Institution or the Receiver. This disaffirmance does not apply to any other parties to the lease. If you have sublessees under the above-referenced lease in your property, be advised that under 12 U.S.C. Section 1821(e)(5), sublessees who are currently in compliance under their subleases are entitled to choose whether to remain as sublessees or terminate their subleases. You are encouraged to initiate contact with any sublessees at your earliest convenience.

Pursuant to 12 U.S.C. Section 1821(e)(4), the liability of the Receiver for the disaffirmance of any lease shall be limited to rent accruing before the later date of when this notice was mailed or the stated effective repudiation date. You may also be entitled to a claim against the failed institution if you believe damages occurred to the referenced property prior to bank failure. Claims for damages are limited pursuant to 12 U.S.C. Section 1821(e)(3) to actual direct compensatory damages determined as of the Closing Date. "Actual direct compensatory damages" does not include punitive or exemplary damages; damages for lost profits or opportunity; or damages for pain and suffering.

You may file a claim by documenting the circumstances and submitting your claim in writing to the following address:

Federal Deposit Insurance Corporation
Receiver: Washington Mutual Bank
Attention: Claims Department, DRR
1601 Bryan Street
Dallas, TX 75201

If you wish to file a claim with the Receiver, you must do so in writing within 90 days from the date of this letter or the official "Bar Date," whichever is later. Under federal law, with certain limited exceptions, failure to file claims by the Bar Date or within 90 days of the date of the repudiation letter will result in disallowance by the Receiver. The disallowance will be final and further rights or remedies with regard to claims will be barred.

If you have any questions concerning any of the matters discussed above, you may contact the Claims Agent In Charge for Washington Mutual Bank at the address provided.

Federal Deposit Insurance Corporation, as
Receiver of Washington Mutual Bank

*Robert C Schoppe /MB*
Robert C. Schoppe
Receiver-in-Charge

WAMU Lease Repudiation Letter with Subtenant Language-1-28-09

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE  MAR -3 2009

Interface Kanner LLC
Attn: Kenneth J Goodman
7777 Glades Road, #204
Boca Raton, FL. 33434

Total Postage & Fees | $

Sent To  B04388 LW 26956

Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Interface Kanner LLC
   Attn: Kenneth J Goodman
   7777 Glades Road, #204
   Boca Raton, FL. 33434

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 3-6-

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7008 1140 0002 4117 1991

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540